## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:19-cr-225-CEH-CPT

BRIONNE MARQUI GRAY

_____

## <u>ORDER</u>

This cause comes before the Court on Defendant Brionne Marqui Gray's Motion to Amend Judgment or Clarify Sentence. *See* Doc. 110. Defendant, proceeding *pro se*, asks the Court to modify his sentence to give him time credit for a year of imprisonment he served in state custody, allegedly due to administrative error. The Government responds in opposition and argues that the Court lacks jurisdiction to grant Defendant any of the relief he seeks. *See* Doc. 112.

Upon review and consideration, and being duly advised in the premises, the motion is due to be dismissed for lack of jurisdiction because Defendant has not exhausted his administrative remedies to the extent Defendant asks for judicial review of his time-served calculation. To the extent he seeks amendment of his sentence, the Court lacks jurisdiction based on untimeliness.

On October 31, 2019, a nine-count Superseding Indictment was filed against Defendant and a co-defendant in the Middle District of Florida. *See* Doc. 27. On February 25, 2020, Defendant pleaded guilty to two of those counts. Docs. 68, 72. On August 4, he was sentenced to 60 months' imprisonment on one count of Conspiracy

to Distribute and Possess with Intent to Distribute 40 Grams or More of Fentanyl and a consecutive term of 60 months' imprisonment on one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. *See* Doc. 106.

Defendant's motion seeks court intervention regarding sentencing credits he believes he earned in state custody. Doc. 110 at 1. Defendant's version of events is as follows. He was arrested on December 21, 2018, in Manatee County, Florida for being a felon in possession of a firearm. *Id.* He was allowed bond on that arrest, and on May 24, 2019, was arrested on distinct federal charges (the charges this Court sentenced him on), for which he was allowed pre-trial release. *Id.* On June 30, Manatee County revoked his bond and took him into state custody until November 15. That day, Defendant's appointed federal public defender moved for a transfer into federal custody in advance of sentencing before this Court. *Id.* Defendant notes that he was sentenced to 120 months' imprisonment by this court on August 4, 2020. He asserts, however, that his defense counsel did not specifically request that the federal sentence run concurrent to any anticipated state sentence, although counsel assured him that "everything would be taken care of." *Id.*

On August 7, 2020, Defendant was transferred back to state custody in Manatee County. On November 9, he was sentenced to 36 months in his state case, to run concurrent with any federal sentence. *Id.* at 2, 5. Defendant states that he should have been transferred back to federal custody immediately after receiving the state court's sentence, but was instead sent to the Florida Department of Corrections for a year. He states that he later found out his federal sentence "stopped running" while he was in

the state facility for that year, which he claims was contrary to the state judgment. *Id.* On March 14, 2022, Defendant was released from state custody and transferred to federal custody. *Id.* at 2. He states that on March 15, 2022, he learned that he had not received any federal sentence credit for the year or so spent in a state facility. *Id.*

Defendant contends that he has asked the BOP to credit the year spent in state prison to his federal sentence with no success. *Id.* In support of his motion, he attaches a copy of correspondence he sent to the BOP Records office requesting credit for the time he spent in state custody. *Id.* at 6. The BOP responded indicating that he was not entitled to jail credit for his state sentence. *Id.* at 7.

Defendant asserts that the state court judge intended for the state sentence to run concurrently to the federal sentence, but that he was mistakenly not transferred to federal custody for some time based on unknown administrative errors. *Id.* at 2. Defendant argues that his federal sentence should not have stopped running, and that because his movement between federal and state custody was outside of his control, the time credit should be authorized based on the state court sentence. *Id.*

Defendant goes on to describe his family situation and good conduct at the facility, and he asks the Court to consider Section 5G1.3(c) of the Federal Sentencing Guidelines in determining whether to apply credits to his sentence or amend his judgment.[1] *Id.* at 3. Since his defense counsel did not remind this Court at sentencing

---

[1] As indicated *infra*, to the extent Defendant moves to amend his sentence, the Court dismisses this motion for lack of jurisdiction due to untimeliness under Fed. R. Crim. P. 35. But even if jurisdiction were proper, it does not appear that U.S. Sentencing Guidelines Manual

that Defendant was anticipating a state sentence, Defendant asks the Court to *nunc pro tunc* apply the credit under § 5G1.3(c). *Id.*

The Government responds in opposition. *See* Doc. 112. It notes that Defendant's 120-month federal sentence was not specifically ordered to run concurrent to his state charges. *Id.* at 1. The Government argues that the Court lacks jurisdiction to modify Defendant's sentence or grant relief as to time credit because: (1) he failed to exhaust all administrative remedies through the Bureau of Prisons; and (2) the Motion is untimely under Fed. R. Crim. P. 35(a) to the extent it seeks correction of his sentence. *Id.* at 2.

---

("U.S.S.G.") Section 5G1.3(c) would apply here. *See United States v. Williams,* No. 2:11-CR-252-AKK-JHE, 2022 WL 2125120, at *1 (N.D. Ala. June 13, 2022)

Section 5G1.3(c) only applies where "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction." Section 1B1.3(a) of the Guidelines defines relevant conduct as (1) "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"; (2) "acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction"; and (3) "all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions."

Here, § 5G1.3(c) does not apply because the record indicates that the conduct underlying Defendant's state charges, for which he seeks time credit, were not relevant to the conduct underlying his Superseding Indictment in federal court or the Counts that he pleaded guilty to. Specifically, Defendant's Presentence Investigation Report indicates that the state charges were based on a December 21, 2018, arrest (Doc. 84 at 14), described as an "unrelated case for which trial [was] pending" at the time of sentencing. Nor is this arrest mentioned in the Superseding Indictment. Accordingly, Defendant would not be due any adjustment to his federal sentence based on this Guideline.

The Government points to 18 U.S.C. 3585(b) as the statute governing calculation of time-served credit and notes that the Attorney General, acting through the BOP, "initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing." *Id.* (citing *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995)). Thus, it asserts that BOP administrative remedies must be exhausted before judicial relief can be sought, and that exhaustion of administrative remedies is jurisdictional. Doc. 112 at 2.

The Government then outlines the process for exhausting administrative remedies and notes that where an inmate fails to do so, the trial court lacks jurisdiction and should dismiss the motion. *Id.* at 3 (citing *United States v. Coates*, 775 Fed. Appx. 669, 671 (11th Cir. 2019)). It argues that under *Coates*, this Court should dismiss Defendant's motion for lack of jurisdiction rather than denying it on the merits. *Id.*

The Government argues that the defendant in *Coates*, like Defendant in this matter, mailed a *pro se* letter to the Court requesting credit for time served on an unrelated state charge. Doc. 112 at 3–4. Further, the Government asserts that no facts have been alleged to suggest that Defendant appealed the initial negative response from the BOP records department to the Regional Director or General Counsel, as he must in order to exhaust his administrative remedies. *Id.* at 4. Therefore, it argues that Defendant's motion should be dismissed for lack of jurisdiction. *Id.*

*Coates* addressed a situation materially similar to the one here. There, the defendant sought 133 days of custody-credit for the time between his date of arrest by state authorities and the date he was sentenced in federal court. *Coates,* 775 F. Appx at

670. The Government opposed the motion, arguing for denial on the merits based on untimeliness and because the defendant had not exhausted his administrative remedies. *Id.* The trial court adopted the Government's reasoning and denied the motion on the merits. *Id.*

The Eleventh Circuit, noting that judicial review of a time-served calculation can only be sought after administrative remedies have been exhausted, vacated the trial court's order and remanded with instruction to enter an order dismissing the motion without prejudice for lack of jurisdiction (rather than on the merits), so that the defendant could pursue any administrative remedies available to him. *Id.*

Decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. The Supreme Court has held that 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing." *Coates,* 775 Fed. Appx. at 670–71 (citing *United States v. Wilson,* 503 U.S. 329, 334 (1992)). Instead, the Bureau of Prisons has the authority to make that determination. *United States v. Hardy,* 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted).

Thus, Defendant Gray must first ask the Bureau of Prisons to credit his time spent in state custody. If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." *United States v. Leverette,* 721

Fed. Appx. 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, et seq).[2] After he has exhausted the administrative remedy procedures through the BOP, if he is dissatisfied with the result, he may seek judicial review of the credit computation by way of a petition pursuant to 28 U.S.C. § 2241. *Id.*

Additionally, should Defendant decide to file a petition pursuant to 28 U.S.C. § 2241, he must do so in the federal district court in the district where he is incarcerated. *Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir. 1991). Since Defendant has informed the Court that he is no longer incarcerated in the Middle District of Florida – he is incarcerated at FCI Miami in Miami, Florida - this Court would not have jurisdiction to hear his § 2241 petition. Accordingly, Defendant's claim regarding the incorrect computation of his credit is dismissed for lack of jurisdiction. *See United States v. Beuk,* No. CR 15-00120-KD-C, 2023 WL 173619, at *2 (S.D. Ala. Jan. 12, 2023).

And to the extent Defendant seeks amendment or correction of his original sentence, the Court lacks jurisdiction under Fed. R. Crim. P. 35(a). *Coates*, 775 Fed. Appx. at 671 n.1. ("A Rule 35(a) motion must be filed within 14 days after sentencing, and this Court has said the time limit set out in Rule 35(a) is jurisdictional.) Fed. R. Crim. P. 35(a); *United States v. Phillips,* 597 F.3d 1190, 1196–97 (11th Cir. 2010). Because [Defendant] filed his motion more than a year after sentencing—well outside of the 14-day window permitted by Rule 35(a)—the district court did not have

---

[2] Here, there is nothing in the record to indicate that Defendant followed these steps and exhausted his administrative remedies beyond sending an initial inquiry to the Bureau of Prisons.

jurisdiction to consider a request under Rule 35(a). The district court therefore should have dismissed the motion instead of denying it.")

Even if the Court had jurisdiction, Plaintiff has not presented a valid basis for amending his sentence. Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 824 (2010) (internal quotations omitted). Defendant's motion does not fit within any of those limited circumstances, which are listed in 18 U.S.C. § 3582(c). He does not seek compassionate release, *see id.* § 3582(c)(1)(A), he does not request a reduction based on a sentencing range that was subsequently lowered, *see id.* § 3582(c)(2), and he does not move for relief that is available in Rule 35 of the Federal Rules of Criminal Procedure. *See id.* § 3582(c)(1)(B). Under Rule 35(b), the Government may move to reduce a defendant's sentence if he has offered substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). Rule 35(a) provides that the Court may "correct a sentence that resulted from arithmetical, technical, or other clear error," within 14 days after sentencing. Fed. R. Crim. P. 35(a).

Defendant's motion was filed more than 14 days after sentencing, and it does not assert that his sentence resulted from arithmetical, technical, or other clear error, besides what he describes as his counsel's failure to note for the Court that he faced an anticipated state sentence. Because Defendant has not asserted any of the limited grounds that allow for a modification of sentence, his motion likely would not be granted on the merits either. *See United States v. Roberson,* 746 F. App'x 883, 885-86

(11th Cir. 2018) ("[T]o the extent Roberson seeks a change in his original sentence, the district court lacked the authority to grant that relief. . . . Roberson's motion does not fit within any of the recognized exceptions to the general rule.").

Accordingly, Defendant's Motion to Amend Judgment or Clarify Sentence (Doc. 110) is **DISMISSED without prejudice for lack of jurisdiction.**

**DONE** and **ORDERED** in Tampa, Florida on December 11, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties